**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4435-16T1

DERICK LECOMPTE,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted September 26, 2018 – Decided November 9, 2018

Before Judges Alvarez and Mawla.

On appeal from the New Jersey Department of Corrections.

Derick LeCompte, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kai W. Marshall-Otto, Deputy Attorney General, on the brief).

PER CURIAM

Derick LeCompte is an inmate currently incarcerated at South Woods State Prison. He appeals the March 25, 2017 Department of Corrections (DOC) final agency decision adjudicating him in violation of prohibited act *.012, throwing bodily fluid at any person, or otherwise purposely subjecting such person to contact with a bodily fluid, and .701, unauthorized use of mail or a telephone, both contrary to N.J.A.C. 10A:4-4.1. For the reasons that follow, we affirm.

We discern the following facts from the record. On March 21, 2017, Senior Correction Officer Thorpe, while under the supervision of Sergeant Moore, performed a search of an outgoing package from LeCompte. He discovered: (1) a sock altered in the shape of a sex toy; (2) an altered State t-shirt; (3) a sexually explicit letter; and (4) a clear vial containing a liquid. The letter enclosed in the package stated that the vial was filled with "a small sealed bag of my ejaculation that I did for you." The charges followed, and counsel substitute was appointed to represent LeCompte.

A hearing officer found LeCompte guilty of the *.012 offense on March 24, 2017 because, despite LeCompte's argument that unless the substance was scientifically tested he could not be convicted, the letter established that DOC staff was exposed to a bodily fluid. As to the .701 charge, the hearing officer

concluded that N.J.A.C. 10A:18-5.5 authorized DOC to inspect all packages leaving the facility and to seize contraband. LeCompte's mailing clearly violated outgoing mail procedures.

For the *.012 charge, LeCompte was sanctioned by 300 days of administrative segregation, 300 days loss of commutation time, and 30 days loss of recreation privileges. For the .701 charge, the hearing officer imposed 60 days loss of commutation time, concurrent to the *.012 disposition.

The hearing officer's adjudication was upheld by a DOC superintendent based on "substantial evidence" of LeCompte's guilt. LeCompte appeals, contending both that the decision violated standards and misinterpreted the facts, and that a more lenient disposition should have been imposed in any event:

> POINT I: THE INITIAL CATALYST FOR THE ENTIRE INCIDENT IS NOT JUSTIFIED AND LACKS MERIT.
>
> POINT II: HEARING OFFICER AND E.J.S.P. VIOLATED SEVERAL OF INMATE LECOMPTE'S DUE PROCESS RIGHTS ACCORDING TO N.J.A.C. 10A LAW.
>
> POINT III: EXAMINATION OF THE EVIDENCE PROVES THAT THE *.012 DOES NOT FIT THE INCIDENT.
>
> POINT IV: LACK OF LENIENCY PROVES THE MALICIOUSNESS OF E.J.S.P.'S ACTIONS.

3

We consider these points to be so lacking in merit as to not warrant much discussion in a written opinion. R. 2:11-3(e)(2).

Prisoners are clearly entitled to limited due process before being subjected to disciplinary sanctions. This includes written notice of charges at least twenty-four hours in advance of a hearing, an impartial tribunal, a limited right to call witnesses and present documentary evidence in defense to the charges, a limited right to confront and cross-examine adverse witnesses, a right to a written statement of the evidence and reasons for the sanctions, and where necessary, the assistance of counsel substitute. See Avant v. Clifford, 67 N.J. 496, 525-29 (1975). The Avant procedural due process requirements have been met in this case.

It is inconsequential that the fluid was discovered before any harm occurred. An officer engaging in the routine inspection of outgoing mail should not be exposed to a container of bodily fluid. This is the harm the regulation was designed to avoid. LeCompte's letter adequately established the vial's contents. The hearing officer upgraded the charge from a .651 unsanitary offense to the *.012—a decision warranted by LeCompte's conduct.

As to the .701 offense, clearly DOC's mail system was not designed for inmates to forward either bodily fluids or objects of a sexual nature. We note

that only the DOC appendix included photographs of those items and LeCompte's letter. They are missing from LeCompte's appendix, which included photographs of other more innocent items apparently also in the package.

An adjudication of guilt must be supported by substantial evidence. McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995). Such evidence exists here. Reasonable minds would agree LeCompte's sexually explicit letter is substantial credible evidence establishing both offenses. See Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). Unless found to be arbitrary, capricious, or unreasonable, an agency's decision will not be disturbed. In re Taylor, 158 N.J. 644, 657 (1999). In this case, the necessary procedural safeguards were extended to LeCompte, the agency decision was supported by the record, and the DOC's decision was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4435-16T1